

**U.S. Department of Justice**

Environment and Natural Resources Division

90-1-24-04857

*Law and Policy Section*  *Telephone (202) 514-4767*
*P.O. Box 7415*  *Facsimile (202) 514-4231*
*Ben Franklin Station*
*Washington, DC  20044-7415*

September 14, 2018

<u>**VIA ELECTRONIC CASE FILING**</u>

Clerk of Court
United States District Court for
District of Texas, Houston Division
515 Rusk Ave.
Houston, TX 77002

      Re:  *Environment America, Inc. dba Environment Texas and Sierra Club v. Pasadena Refining System, Inc.*, No. 4:17-cv-00660 (S.D. Tex.)

Dear Clerk of the Court:

    I write to notify you that the United States has reviewed the proposed consent decree in this action and does not object to its entry by this Court.  On July 31, 2018, the Citizen Suit Coordinator for the Department of Justice received a copy of the proposed consent judgment in the above-referenced case for review pursuant to the Clean Air Act, 42 U.S.C. § 7604(c)(3).  The Act provides, in relevant part:

> No consent judgment shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator.

*See also* 40 C.F.R. § 135.5 (service on Citizen Suit Coordinator in the U.S. Department of Justice).  A settlement that does not undergo this federal review process is at risk of being void.

    Among its terms, Article V of the proposed consent decree provides for Defendants to pay a civil penalty to the U.S. Department of Treasury in the amount of $350,000.  The proposed consent decree also provides multiple elements of injunctive relief and compliance measures, including reporting obligations, emission controls for an individual unit, and the development and implementation of plans in numerous areas (such as flare minimization, certain emission reductions, and hurricane shutdown and startup).  *See* Proposed Consent Decree, Art. IV.  While certain aspects of these compliance measures potentially could be more robust or detailed, we appreciate that citizen suit settlements such as this are often the product of complex and substantial negotiation, in which the parties are in the best position to evaluate the relevant

factors and make judgments about their prospects at trial, including their respective litigation risks and the related costs.

Article VI of the proposed consent decree provides for a SEP pursuant to which Defendants are to pay $3,175,000 to the Emission Reduction Credit Corporation ("ERCC"). The proposed consent decree provides that ERCC shall use the funds exclusively for an environmental project to benefit the communities in the vicinity of the Pasadena Refinery. The payment shall create a charitable fund to be known as the Vehicle Emission Reduction Fund which will solicit proposals from, and disburse grants to, school districts and local governments exclusively for the purpose of improving air quality in Pasadena, Galena Park, and Southeast Harris County, Texas, by reducing mobile source emissions. Eligible projects are outlined in Article VI of the proposed consent decree.

Where a consent judgment provides for the payment or possibility of payment of sums to a third party to undertake a SEP, the United States typically requests that the third party provide a letter to the Court and to the United States representing that it is an entity appropriate for the receipt of SEP funds and that it: (1) has read the proposed consent judgment; (2) will spend any monies it receives under the proposed judgment for the purposes specified in the judgment; (3) will not use any money received under the proposed consent judgment for political lobbying activities; and (4) will submit to the Court, the United States, and the parties a letter describing how the funds were spent.

In a letter to the Department of Justice dated August 3, 2018, ERCC confirmed that any funds received as a result of the proposed consent decree would be used solely for the purpose outlined in the consent decree and made the other above-mentioned representations. A copy of that letter is attached hereto as Exhibit 1. The United States believes that this letter will help to ensure that any monies expended under the proposed consent judgment will be used in a manner that furthers the purposes of the Act, and that is consistent with the law and the public interest.

The United States sought additional information about two aspects of the proposed decree. First, Plaintiffs' counsel represented to the United States that the reference in paragraph 24 to resolving Defendant's civil liability "for the violations specifically alleged in the Complaint" refers exclusively to the Defendant's liability *to Plaintiffs* and no other party, including the United States. Relatedly, the United States stresses that neither paragraph 24 nor any other provision of the proposed consent decree affects the Defendant's obligation to comply will all applicable federal, state, and local laws. Second, Plaintiff's counsel provided general information about the nature and amount of attorney fees and other litigation costs (including for consulting experts) and the parties' general process for negotiating the resolution of those costs. The United States has no objection to or comment upon the resolution of the costs of litigation reflected in paragraph 23 of the proposed consent decree.

Given these representations and understandings, as well as the United States' review of the proposed consent decree, the United States has no objection to entry of the proposed consent judgment. We accordingly notify the Court of that fact. The United States affirms for the record that, under prevailing law, it is not bound by this settlement. *See* 42 U.S.C. § 7604(c)(2) (providing that "[a] judgment in an action under this section to which the United States is not a party shall not . . . have any binding effect upon the United States."); *see also, e.g., Martin v.*

*Wilks*, 490 U.S. 755, 762 (1989) ("A judgment or decree among parties to a lawsuit resolves issues as among them, but does not conclude the rights of strangers to those proceedings"); *Hathorn v. Lovorn*, 457 U.S. 255, 268 n.23 (1982) (Attorney General is not bound by cases to which he was not a party); *United States v. Atlas Powder*, 26 Env't Rep. Cas. (BNA) 1391 (E.D. Pa. 1987) (The United States is not bound by settlement agreements or judgments in cases to which it is not a party); 28 U.S.C. §§ 516, 519.

The United States also notes that, if the parties subsequently propose to modify any final consent judgment entered in this case or enter into further consent judgments, the parties should so notify the United States, and provide the United States with a copy of the proposed modification or new judgment, forty-five days before entry by the court. *See* 42 U.S.C. § 7604(c)(3).

We appreciate the attention of the Court. Please contact the undersigned at (202) 514-4767 if you have any questions.

Sincerely,

/s/ David S. Gualtieri
David S. Gualtieri, Senior Counsel
U.S. Department of Justice
Environment and Natural Resources Division
Law and Policy Section
P.O. Box 7415
Washington, DC  20044-7415
David.Gualtieri@usdoj.gov

Attachment
cc: Counsel of record (via ECF)